Daniel F. Fears, Bar No. 110573
dff@paynefears.com
Andrew K. Haeffele, Bar No. 258992
akh@paynefears.com
Leilani E. Jones, Bar No. 298896
llj@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Defendant CVS HEALTH
CORPORATION (erroneously sued as
CVS HEALTH)

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS CUEVAS, an individual,<br><br>   Plaintiff,<br><br>  v.<br><br>CVS HEALTH, a Rhode Island corporation; and DOES 1 through 50, inclusive,<br><br>   Defendants. | Case No.  2:21-cv-00209<br><br>[Los Angeles County Superior Court Case No. 20STCV47087]<br><br>**PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**<br><br>Trial Date:  None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO CARLOS CUEVAS AND TO HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant CVS Health Corporation, erroneously sued as CVS Health ("Defendant" or "CVS") hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, on the following grounds:

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## I.    INTRODUCTION

1.    This Court has jurisdiction over this action because complete diversity exists between Plaintiff CARLOS CUEVAS ("Plaintiff") and CVS.

2.    Plaintiff is a citizen of the State of California, and was a citizen at the time of the filing of his Complaint.

3.    CVS Health Corporation, formally CVS Caremark Corporation, is now and was at the time this action was commenced, a citizen of the States of Delaware and Rhode Island.

4.    Plaintiff's Complaint, on its face, contemplates a matter in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs.

5.    Pursuant to 28 U.S.C. section 1446(b), this case is being removed within thirty (30) days of CVS's receipt of a document (the "Complaint") where diversity of citizenship is apparent.

## II.    THE STATE COURT ACTION

6.    On or about December 9, 2020, Plaintiff filed an action against CVS titled "*Carlos Cuevas, an individual, Plaintiff, v. CVS Health, a Rhode Island corporation; and DOES 1 through 50, inclusive, Defendants*" in the Superior Court of the State of California, County of Los Angeles, Case No. 20STCV47087 (the "State Court Action").

7.    True and correct copies of the Summons and Complaint served on CVS are attached hereto as **Exhibit A.**

8.    In his Complaint, Plaintiff alleges the following causes of action: (1) Failure to Provide Meal and Rest Periods (California Labor Code Sections 512 and 226.7); (2) Unlawful Retaliation; (3) Violation of Labor Code § 1102.5; (4) Intentional Infliction of Emotional Distress; and (5) Unfair Business Practices.

9.    On January 11, 2021, CVS timely filed an Answer to the Complaint. A true and correct copy of CVS's Answer is attached hereto as **Exhibit B.**

10.    The Summons, Complaint, and Answer constitute the pleadings, process, and orders served upon or by CVS in the State Court Action.

## III.    COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND CVS

11.    The Complaint, and each cause of action alleged therein, may be properly removed on the basis of diversity jurisdiction, in that this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

### A.    Plaintiff is a Citizen of the State of California

12.    Plaintiff is now, and was at the time this action was commenced, a citizen of the State of California, residing in Los Angeles County, within the meaning of U.S.C. § 1332(a) -- his place of residence and domicile are, and were, located within the State of California. *See* **Ex. A at ¶ 1**; *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is his permanent home, where he resides with the intention to remain or to which he intends to return."); *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (explaining that residency creates a rebuttable presumption of domicile for purposes of establishing diversity of citizenship).

13.    Upon information and belief, including the fact that Plaintiff resides in the State of California and was employed by CVS in the State of California from 2019 to 2020, Plaintiff is, and was at all relevant times, a citizen of the State of California. "[A]t the pleading stage, allegations of jurisdictional fact need not be proven unless challenged." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016); *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227–28 (9th Cir. 2019).

### B.    CVS Health Corporation is a Citizen of the States of Delaware and Rhode Island

14.    CVS Health Corporation is a holding company which owns 100% of CVS Pharmacy, Inc.'s stock. CVS Health Corporation was incorporated under the

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

laws of the State of Delaware and remains a Delaware corporation as of the date of this Petition.

15.    CVS Health Corporation's principal place of business is located in Woonsocket, Rhode Island. CVS Health Corporation's headquarters, including its principal executive and administrative offices, are located in Woonsocket and have been since before the filing of this lawsuit. The majority of CVS Health Corporation's corporate officers and senior executives whom direct, control, and coordinate its operations are also located at its corporate headquarters in Woonsocket, Rhode Island. As a result, nearly all of CVS Health Corporation's corporate decisions are made in Rhode Island, including operational, executive, administrative, and policymaking decisions.

16.    Therefore, for the purpose of determining jurisdiction, CVS Health Corporation was not (and is not) a citizen of the State of California, but rather, it was (and is) a citizen of the States of Delaware and Rhode Island.

17.    "Doe" Defendants fictitiously named, but not served, are not joined in this Petition and Notice of Removal, and shall be disregarded for the purpose of determining removal jurisdiction. 28 U.S.C. § 1441(b)(1). In determining whether diversity of citizenship exists, only the named defendants are considered. *Newcombe v. Adolf Coors Co.*, 157 F. 3d 686, 690-691 (9th Cir. 1998).

18.    Accordingly, complete diversity exists between Plaintiff (California) and Defendant CVS (Delaware and Rhode Island).

## IV.    <u>THE AMOUNT IN CONTROVERSY EXCEEDS THE $75,000 JURISDICTIONAL MINIMUM</u>

19.    The jurisdictional minimum amount that must be in controversy, over $75,000, was satisfied at the time of the filing of this action and is still satisfied by the facts set forth herein and described more specifically below. 28 U.S.C. § 1332(a) ("[D]istrict courts … have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

and is between … citizens of different States."); *see also Matheson v. Progressive Specialty Ins., Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000").

20.   CVS discusses the allegations below solely to demonstrate that the amount in controversy in this matter exceeds $75,000. CVS denies that Plaintiff is entitled to any damages and that Plaintiff will be able to recover on any of his theories of recovery.

21.   In assessing the amount in controversy, this Court may, for removal purposes, look to the removal papers and the pleadings, as well as summary judgement type evidence. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

**A.**   **The Amount in Controversy is Measured by the Damages and Attorneys' Fees "At Stake" in the Litigation, to which the Plaintiff Would be Entitled if He Prevails**

22.   In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations omitted, emphasis added). In addition, the Court should aggregate damages in determining whether the controversy exceeds $75,000. *See Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) ("aggregation is permitted when a single plaintiff seeks to aggregate two or more of his own claims against a single defendant") (internal quotations omitted).

23.   Additionally, as the Ninth Circuit has recently clarified, "the amount in controversy is not limited to damages incurred prior to removal - for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)[; but] rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez*, 888 F.3d at 414.

**B.      Economic Damages in the Form of Lost Wages**

24.   Plaintiff seeks damages associated with alleged lost earnings. ***See* Ex. A at ¶¶ 29, 32, 41, 48, 55, Prayer for Relief**. At the time of his separation (July 29, 2020) Plaintiff was employed as an Branch Ops Manager and his annual salary was $62,620 (making, on average, approximately $2,408 bi-weekly, or $1,204/week.) ***See* Declaration of Leilani E. Jones at ¶ 3, Ex. 2.**

25.   By the time this case is statistically likely to be resolved at trial (September 2022 or 20 months from the date of removal),[1] Plaintiff will have incurred significant damages—hundreds of thousands of dollars—in alleged lost wages alone.[2]

**C.      Attorneys' Fees**

26.   Where an underlying statute authorizes an award of attorneys' fees, such potential fees may be included in calculating the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Here, Plaintiff seeks such fees. ***See* Ex. A, Prayer for Relief**.

---

[1] Statistics maintained by the Administrative Office of the United States Courts pursuant to 28 U.S.C. § 604(a)(2) indicate that in the Central District of California, the median time from filing a civil action in federal court to final disposition of the action through trial is 20 months. ***See* Declaration of Leilani E. Jones, Ex. 1.** CVS requests that the Court take judicial notice of these facts pursuant to Federal Rule of Evidence 201.

[2] $1,204 per week multiplied by the 109 weeks between Plaintiff's separation of employment (July 29, 2020) and trial (September 2022).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

27. As the Ninth Circuit explained in *Chavez*, when determining the amount in controversy, attorneys' fees are calculated based on the *total* possible recovery, and not just fees incurred as of the time of removal. *Chavez, supra*, 888 F.3d at 417 ("That the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy."); *Lucas v. Michael Kors (USA), Inc.*, No. 2018 WL 2146403, at *11 (C.D. Cal. 2018) ("The broad holding [in *Chavez*] strongly suggests that the Ninth Circuit would find it appropriate to consider post-removal attorneys' fees. Therefore, the Court agrees that unaccrued post-removal attorneys' fees can be factored into the amount in controversy."); *Bernstein v. BMW of N. Am., LLC*, 2018 WL 2210683, at *2 (N.D. Cal. 2018) ("The Ninth Circuit's recent decision in *Chavez* . . . holding that the amount in controversy is what is at stake in the litigation at the time of removal suggests that the attorneys' fees in the context of the amount in controversy requirement should be calculated based on the total possible recovery and not just the fees incurred to date—resolving a previously unresolved question.").

28. Assuming that a conservative amount of pre-trial fact discovery (50 hours), pre-trial expert discovery (20 hours), trial preparation (40 hours), and trial attendance (45 hours) occurs in this case, it is very well likely that an attorneys' fee award alone would exceed $75,000. It is, at the very least, *plausible* that an attorneys' fee award in this matter will exceed $75,000.

**B.    Punitive Damages**

29. Additionally, Plaintiff seeks to recover punitive damages against CVS, a company of considerable size and resources. ***See* Ex. A, Prayer for Relief at ¶ 2.** Although CVS denies Plaintiff's allegations, requests for punitive damages must be taken into account in ascertaining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011) (same).

30.     Here, if Plaintiff is able to prove his claims at trial, it is reasonable to conclude that he will seek, and a jury could award, in excess of $75,000 solely for punitive damages.

31.     Accordingly, the Complaint contemplates an amount "at stake" in this litigation which far exceeds the $75,000 jurisdictional threshold.

## V.     REMOVAL IS TIMELY

32.     This Petition and Notice of Removal is timely pursuant to 28 U.S.C. section 1446(b) because this action is being removed within thirty (30) days of the date when CVS received the Summons and Complaint. 28 U.S.C. § 1446(b)(1); *see* **Ex. A**.

## VI.     CONCLUSION

33.     For the reasons stated above, this Court has jurisdiction under 28 U.S.C. section 1332 because this is a civil action between citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

34.     Accordingly, CVS may remove this action to this Court pursuant to 28 U.S.C. sections 1332 and 1441. CVS respectfully requests that this Court exercise its removal jurisdiction over this action.

DATED:  January 11, 2021          PAYNE & FEARS LLP


By:     _*/s/ Leilani E. Jones*_
                    LEILANI E. JONES

Attorneys for Defendant CVS HEALTH CORPORATION (erroneously sued as CVS HEALTH)

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441